

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,163-01

### EX PARTE KYLE CARPENTER DIETRICH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1072796-A IN THE 178TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty-three years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Dietrich v. State*, No. 14-07-00541-CR (Tex. Crim. App. — Houston [14th Dist.] March 31, 2009) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance for a number of reasons at both the guilt/innocence and punishment stages of trial, including failing to preserve errors

during *voir dire* and when the State elicited testimony about Applicant's and the defense witness's prior drug and alcohol abuse in violation of a motion *in limine,* eliciting prejudicial testimony about numerous extraneous offenses and bad acts from the complainant on cross-examination when no such testimony had been elicited on direct examination, failing to impeach the complainant with testimony suggesting that she had a poor character for truthfulness, failing to research Applicant's prior criminal history, and failing to rest after the State elected not to present any additional evidence at punishment.

Both of Applicant's trial attorneys have provided affidavits responding to Applicant's allegations, and the trial court conducted an extensive habeas hearing at which Applicant's trial attorneys testified. The trial court has determined that trial counsel's performance was deficient in several respects, and that such deficient performance prejudiced Applicant. Relief is granted. The judgment in Cause No. 1072796 in the 178th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 27, 2016
Do not publish